# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| DAVID HOLTON, | CIVIL ACTION NO. 5:14-CV-25-KKC |
| Plaintiff, | |
| V. | **MEMORANDUM, OPINION, & ORDER** |
| DANNY CONRAD, ESTILL COUNTY DETENTION CENTER, and BO MORRIS, in His Official Capacity as ESTILL COUNTY JAILER, | |
| Defendants. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on a motion for judgment on the pleadings as to claims asserted under Ky. Rev. Stat. Chapter 61 (DE 8) brought by Defendants Estill County Detention Center ("ECDC") and Bo Morris, in his official capacity as Estill County Jailer. As explained below, the Court will dismiss the claim asserted in Count IV of the complaint brought under Ky. Rev. Stat. Chapter 61 without prejudice and will deny the motion for judgment on the pleadings.

**I. BACKGROUND**

According to the complaint, on January 27, 2013, Plaintiff David Holton was engaged in an altercation with another man during which someone called Estill County 911. Sheriff's Deputy Randy Farthing responded to the call, arrived at the scene, and decided to send Holton home with his brother. Defendant, Constable Danny Conrad and Irvine Police Officer Jeff Knuckles also responded to the call. There was an outstanding warrant for Holton's arrest for failure to pay child support. According to the complaint, Conrad beat Holton, arrested him for public intoxication, and transported him to the ECDC. At the detention center, Holton alleges

that Conrad struck him multiple times in the head. Eventually, Holton was transported to the hospital for treatment.

On September 30, 2013 and on two additional occasions in October 2013, Holton requested records related to the incident from the ECDC pursuant to Ky. Rev. Stat. Chapter 61. ECDC did not respond to the request.

Holton asserts a claim pursuant to 42 U.S.C. § 1983 and state law claims of assault and battery against Constable Conrad. Holton also asserts a Kentucky state law claim against the ECDC and Morris, the Estill County Jailer, relating to the failure to respond to Holton's records requests.

**II. ANALYSIS**

Defendants ECDC and Morris now move this Court for a judgment on the pleadings as to Holton's claim relating to his records request. Defendants maintain that this Court lacks jurisdiction, and Defendants are therefore entitled to a judgment on the pleadings. However, the Court must have subject-matter jurisdiction over the claim in order to enter a judgment. Holton's only asserted justification for jurisdiction concerning the records request claim is supplemental jurisdiction under 28 U.S.C. § 1367(a). For the reasons explained below, the Court does not have supplemental jurisdiction over Holton's records request claim and must dismiss the claim without prejudice.

Supplemental jurisdiction in this matter is asserted under 28 U.S.C. § 1367(a), which states in relevant part:

> [T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same *case or controversy* under Article III of the United States Constitution.

> Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a) (emphasis added). "Claims form part of the same case or controversy when they derive from a common nucleus of operative facts." *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 Fed. Appx. 580, 583 (6th Cir. 2011) (quoting *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir.2004)). The "case or controversy" requirement is met when state and federal law claims arise from the same contract, dispute, or transaction. *Id.* Plaintiff's records request claim in this matter does not meet that standard. Holton asserts his federal § 1983 claim based on the actions of Constable Conrad on January 27, 2013. However, he requests records under Ky. Rev. Stat. Chapter 61 related to events occurring eight months later, in September and October of 2013, and refers to actions by parties who are irrelevant to Holton's § 1983 claim. That is, Holton's claims "require proof of different facts, will involve different witnesses, and apply different law." *Raymer v. W. and S. Life Ins. Co.*, No. 5:13-cv-00042, 2013 WL 4875029 at *3 (E.D. Ky. Sept. 11, 2013). Thus, Holton's only federal claim, his § 1983 claim, and his state law claim concerning his records requests do not "derive from a common nucleus of operative facts."

The Court does not have supplemental jurisdiction over Holton's records request claim against ECDC and Morris. Thus the Court must dismiss this claim without prejudice. The proper avenue for relief for this unrelated state law claim is through state court. Therefore, the Court must deny the Defendants' motion for judgment on the pleading, as the Court does not have jurisdiction to enter a judgment on the records request claim.

## III. CONCLUSION

Accordingly, the Court **HEREBY ORDERS** as follows:

1. This Court is without jurisdiction to hear Holton's records request claim in Count IV of the Complaint, and therefore, Count IV of the Complaint is **DISMISSED WITHOUT PREJUDICE**;

2 Defendants' motion for judgment on the pleadings as to the records request claim (DE 8) is **DENIED**; and

3. Since the only claim against Defendants ECDC and Morris has been dismissed for lack of jurisdiction, they are **DISMISSED** as defendants in this matter.

This 4th day of June, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY